UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KASIM KADER,                                    )
                Plaintiff,                )
                                      )
v.                                              )
                                      )
LVNV FUNDING, LLC,                              ) Civil Action No.: 3:26-CV-511-CRS
EQUIFAX INFORMATION SERVICES, LLC, and)
EXPERIAN INFORMATION SOLUTIONS, INC.  )
                                      )
                Defendants.                )

## DEFENDANT LVNV FUNDING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant LVNV Funding, LLC ("LVNV"), by counsel, respectfully submits the following Answer and Affirmative Defenses to Plaintiff Kasmin Kader's ("Mr. Kader") Verified Complaint. [D.E. 1-1].

LVNV denies, generally and specifically, any and all allegations in the Verified Complaint not specifically admitted in the Paragraphs below. LVNV also denies any and all allegations contained in the headings in the Verified Complaint. LVNV further states that its investigation of the present matter is ongoing. Accordingly, LVNV reserves the right to amend this Answer.

In response to the separately numbered Paragraphs in the Verified Complaint (reproduced below), LVNV states as follows:

## AS TO "PRELIMINARY STATEMENT"

1.     This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiffs' credit reporting disputes; Experian and Equifax's failure to respond to Plaintif''s dispute or correct the false reporting on

Plaintiff's credit reports; LVNV's failure to correct the inaccurate information on Plaintiff's accounts; and Defendants' failure to correct the false reporting on Plaintiff's credit reports.

**RESPONSE**:  Paragraph 1 asserts legal conclusions requiring no response. If a response is required, LVNV admits only that Mr. Kader's Complaint purports to seek damages under the Fair Credit Reporting Act ("FCRA"). LVNV denies the allegations in Paragraph 1 that pertain to LVNV. To the extent Paragraph 1 contains allegations about other defendants, LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations and therefore denies them.

<u>**AS TO "PARTIES"**</u>

2.      Plaintiff, Kasim Kader, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky, residing at 4218 North Church Way, Apt. 4, Louisville, Kentucky 40207.

**RESPONSE:** LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 2 and therefore denies them.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

**RESPONSE:** Paragraph 3 asserts legal conclusions requiring no response. If a response is required, LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegation that Mr. Kader is a "consumer" under the FCRA for purposes of this action and therefore denies such allegation.

4.      Defendant, LVNV, is a South Carolina limited liability company doing business in the Commonwealth of Kentucky, with its principal place of business at 55 Beattie Place, Greenville, South Carolina 29601.

**RESPONSE:** LVNV admits only that it is a limited liability company. LVNV denies the remaining allegations in Paragraph 4.

5.      LVNV is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

**RESPONSE:** Paragraph 5 asserts legal conclusions requiring no response. If a response is required, LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegation that it is a "furnisher of information" under the FCRA for purposes of this action and therefore denies such allegation.

6.   Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky, with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309

**RESPONSE:** Paragraph 6 contains allegations about Equifax Information Services, LLC ("Equifax"), and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 6 and therefore denies them.

7.      Equifax is a "consumer reporting agency that compiles and consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

**RESPONSE:** Paragraph 7 contains allegations about Equifax, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 7 and therefore denies them.

8.      Equifax is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

**RESPONSE:** Paragraph 8 contains allegations about Equifax, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 8 and therefore denies them.

9.  Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

**RESPONSE:** Paragraph 9 contains allegations about Experian Information Solutions, Inc. ("Experian"), and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 9 and therefore denies them.

10.  Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

**RESPONSE:** Paragraph 10 contains allegations about Experian, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 10 and therefore denies them.

11.  Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

**RESPONSE:** Paragraph 11 contains allegations about Experian, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 11 and therefore denies them.

**AS TO "JURISDICTION"**

12.  This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving

4

rise to this action occurred in Jefferson County, Kentucky, as a result of the Defendants' doing business in Jefferson County, Kentucky.

**RESPONSE:** LVNV admits only that this action was removed to this Court because this Court has federal-question jurisdiction over Mr. Kader's FCRA claims. LVNV lacks information or knowledge sufficient to form a belief about the remaining allegations in Paragraph 12 and therefore denies them.

**AS TO "FACTUAL BACKGROUND"**

13.     In or around October 2025, Plaintiff accessed his Equifax and Experian credit reports and found several accounts reporting with inaccuracies, including an LVNV account that was reporting an incorrect balance on Plaintiff's Experian report and a late payment listed post charge-off date on Plaintiff's Equifax report. This LVNV account was paid and settled with the creditor, a standard practice that facilitates deletion of late payments, which was relayed to Experian and Equifax in the dispute letters.

**RESPONSE:** To the extent Paragraph 13 contains allegations about Equifax and Experian, LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 13 and therefore denies them. To the extent Paragraph 13 contains allegations about LVNV, LVNV lacks information or knowledge sufficient to form a belief about the truth of any remaining allegations contained in Paragraph 13 and therefore denies them.

14.     Immediately upon discovery of the tradelines, Plaintiff disputed the accounts to Equifax and Experian in writing. Upon information and belief, Equifax and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified LVNV of the disputes at or within five (5) days of receiving notice.

**RESPONSE:** Paragraph 14 contains allegations about Equifax and Experian and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 14 and therefore denies them. LVNV, however, specifically denies that it received notice of the alleged dispute in or around October of 2025.

15. Despite sending his dispute via Certified Mail through the United States Postal Service, Plaintiff never received dispute results from Experian.

**RESPONSE:** Paragraph 15 contains allegations about Experian, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 15 and therefore denies them.

16. Plaintiff received results from Equifax, but they failed to correct the inaccurate late payment listed on Plaintiff's LVNV account.

**RESPONSE:** Paragraph 16 contains allegations about Equifax, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 16 and therefore denies them.

17. The Defendants' actions have damaged Plaintiff, in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes, maintain the accuracy of Plaintiff's credit reports, and their continued false reporting. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

**RESPONSE:** To the extent Paragraph 17 contains allegations about Equifax and Experian, LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 17 and therefore denies them. LVNV denies the allegations in Paragraph 17 that pertain to LVNV.

6

## AS TO "CLAIMS"

### Negligent Violation of the Fair Credit Reporting Act — LVNV

18.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

**RESPONSE:** LVNV reasserts all its previous averments and denials.

19.     LVNV's initial and continuing false reporting and its failure to investigate Plaintiff's dispute are violations of LVNV's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

**RESPONSE:** LVNV denies the allegations in Paragraph 19.

20.     LVNV's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which LVNV is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorneys' fees.

**RESPONSE:** LVNV denies the allegations in Paragraph 20.

### Negligent Violation of the Fair Credit Reporting Act - Equifax

21.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 20, as if fully set forth herein.

**RESPONSE:** LVNV reasserts all its previous averments and denials.

22.     Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradelines, despite knowledge of the falsity of the disputed items, are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

**RESPONSE:** Paragraph 22 contains allegations about Equifax, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 22 and therefore denies them.

23.    Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §16811.

**RESPONSE:** Paragraph 23 contains allegations about Equifax, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 23 and therefore denies them.

24.    Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

**RESPONSE:** Paragraph 24 contains allegations about Equifax, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore denies them.

### Negligent Violation of the Fair Credit Reporting Act — Experian

25.    Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs, as if fully set forth herein.

**RESPONSE:** LVNV reasserts all its previous averments and denials.

26.    Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradelines, despite knowledge of the falsity of the disputed items,

are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U. S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

**RESPONSE:** Paragraph 26 contains allegations about Experian, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 26 and therefore denies them.

27.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i..

**RESPONSE:** Paragraph 27 contains allegations about Experian, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 27 and therefore denies them.

28.     Experian's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

**RESPONSE:** Paragraph 28 contains allegations about Experian, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 28 and therefore denies them.

### Negligent Violation of the Fair Credit Reporting Act – LVNV

29.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

**RESPONSE:** LVNV reasserts all its previous averments and denials.

30.    LVNV's initial and continuing false reporting of Plaintiff's alleged delinquency and its failure to investigate Plaintiff's dispute, despite LVNV's knowledge of the falsity of its reporting, are willful violations of LVNV's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

**RESPONSE:** LVNV denies the allegations contained in Paragraph 30.

31.    Given LVNV's knowledge of the falsity of its reporting, LVNV's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which LVNV is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**RESPONSE:** LVNV denies the allegations contained in Paragraph 31.

### Willful Violation of the Fair Credit Reporting Act — Equifax

32.    Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

**RESPONSE:** LVNV reasserts all its previous averments and denials.

33.    Equifax's failure to investigate Plaintiff's disputes and its failure to amend its reporting of the subject tradelines, despite Equifax's knowledge of the falsity of the disputed items, are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

**RESPONSE:** Paragraph 33 contains allegations about Equifax, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 33 and therefore denies them.

10

34. Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

**RESPONSE:** Paragraph 34 contains allegations about Equifax, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 34 and therefore denies them.

35. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

**RESPONSE:** Paragraph 35 contains allegations about Equifax, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 35 and therefore denies them.

### Willful Violation of the Fair Credit Reporting Act – Experian

36. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 35, as if fully set forth herein.

**RESPONSE:** LVNV reasserts all its previous averments and denials.

37. Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradelines, despite Experian's knowledge of the falsity of the disputed items, are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

11

**RESPONSE:** Paragraph 37 contains allegations about Experian, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 37 and therefore denies them.

38.     Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

**RESPONSE:** Paragraph 38 contains allegations about Experian, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 38 and therefore denies them.

39.     Experian's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Experian is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

**RESPONSE:** Paragraph 39 contains allegations about Experian, and not LVNV. LVNV lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 39 and therefore denies them.

## AS TO PLAINTIFF'S "WHEREFORE" PARAGRAPH

WHEREFORE, Plaintiff, Kasim Kader, respectfully demands the following:

1.     Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

2.     For attorneys' fees and costs; and,

3.     Any and all other relief to which Plaintiff may appear to be entitled.

**RESPONSE**: Mr. Kader's Prayer for Relief does not contain any factual allegations to which LVNV is required to respond. LVNV, however, denies that Mr. Kader is entitled to any relief from LVNV whatsoever.

<u>**LVNV'S AFFIRMATIVE DEFENSES**</u>

For its affirmative defenses to Mr. Kader's claims, LVNV states as follow:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a plausible claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The equitable defenses of laches, unclean hands, and equitable estoppel may bar the Complaint or any recovery.

**THIRD AFFIRMATIVE DEFENSE**

The acts or omissions of third parties for whom LVNV is not responsible caused Mr. Kader's damages, if any.

**FOURTH AFFIRMATIVE DEFENSE**

Mr. Kader's failure to mitigate damages, if any, bars or limits any recovery.

**FIFTH AFFIRMATIVE DEFENSE**

Mr. Kader may have waived any claims against LVNV.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent any violation of law took place, the violation was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

**SEVENTH AFFIRMATIVE DEFENSE**

The statute of limitations may bar Mr. Kader's claims.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to state a valid claim for attorneys' fees, expenses, or costs.

## NINTH AFFIRMATIVE DEFENSE

Mr. Kader's potential recovery may be subject to set-off against what Mr. Kader owes.

## TENTH AFFIRMATIVE DEFENSE

LVNV seeks all fees, expenses, costs, and any legally recoverable damages from Mr. Kader that may be available under the FCRA, including but not limited to 15 U.S.C. §§ 1681n(c), 1681o(b), under Fed. R. Civ. P. 54(d)(1) or otherwise.

## ELEVENTH AFFIRMATIVE DEFENSE

LVNV complied with all applicable requirements of the FCRA, 15 U.S.C. § 1681 *et seq.*

## TWELFTH AFFIRMATIVE DEFENSE

LVNV is entitled to all defenses, presumptions, and inferences provided by the FCRA, 15 U.S.C. § 1681 *et seq.*

## THIRTEENTH AFFIRMATIVE DEFENSE

LVNV asserts that, in accordance with the relevant provisions of the FCRA, it reasonably and completely investigated, verified, updated, and/or removed any and all disputed or allegedly false information reported by Mr. Kader.

## FOURTEENTH AFFIRMATIVE DEFENSE

LVNV asserts that, at all times material, it had in place reasonable and appropriate procedures to investigate and verify any and all credit information it was already furnishing.

## FIFTEENTH AFFIRMATIVE DEFENSE

LVNV asserts that any information it reported to any consumer reporting agency was, in fact, accurate.

## SIXTEENTH AFFIRMATIVE DEFENSE

Mr. Kader's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Mr. Kader's Complaint seeks the imposition of punitive damages. LVNV adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm v. Campbell*, 538 U.S. 408 (2003).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Mr. Kader's Complaint fails to the extent that Mr. Kader lacks standing, Mr. Kader's alleged damages, if any, are speculative or uncertain and not compensable, and/or Mr. Kader cannot recover from LVNV because the Complaint fails to allege, or Mr. Kader cannot maintain, an actual injury-in-fact which deprives the Court of Article III jurisdiction. Further, any damages that Mr. Kader claims are not fairly traceable to the purported statutory violation Mr. Kader raises.

## NINETEENTH AFFIRMATIVE DEFENSE

Mr. Kader may have released any claims against LVNV.

## TWENTIETH AFFIRMATIVE DEFENSE

Mr. Kader's Complaint against LVNV should be dismissed, and/or stayed and referred to arbitration because, upon information and belief, the Card Agreement between Mr. Kader and LVNV's predecessor contains an arbitration clause, which requires that all of Mr. Kader's claims in this instant case be submitted to arbitration.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

15

LVNV reserves the right to amend or add more defenses or affirmative defenses as necessary.

**WHEREFORE**, Defendant, LVNV, respectfully requests that the Court:

1. Dismiss Mr. Kader's Complaint with prejudice;

2. Enter judgment in LVNV's favor and direct Mr. Kader to recover nothing from LVNV;

3. Grant LVNV its attorneys' fees, expenses, and costs pursuant to 15 U.S.C. § 1681N or 15 U.S.C. § 1681o; and

4. Grant LVNV such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Natalie L. Whitt*

Joseph N. Tucker
Natalie L. Whitt
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
(502) 581-8000
Fax (502) 581-8111
Joseph.tucker@dinsmore.com
natalie.whitt@dinsmore.com
*Counsel for Defendant LVNV Funding, LLC*

16

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served, via CM/ECF, on this 8th day of June 2026, upon all counsel of record.


/s/ *Natalie L. Whitt*
*Counsel for Defendant LVNV Funding, LLC*